# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. MARTINEZ, | CASE NO. 1:04-cv-6469-LJO-DLB PC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF DEFENDANTS' MOTION TO DISMISS |
| M.D. LUNES, et al., | |
| Defendants. | (Doc. 28) |

A. <u>Procedural History</u>

Plaintiff John Martinez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 9, 2005, against defendants Lunes and Perez for violation of his First Amendment rights.

On August 24, 2007, defendants filed a motion to dismiss for failure to exhaust and failure to state a claim. Plaintiff filed an opposition on November 9, 2007.[1]

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 2, 2007. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1

C.     Motion to Dismiss for Failure to Exhaust

      1.     Legal Standard

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *8 (Jan. 22, 2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). The California Department of Corrections and Rehabilitation has an inmate appeals process for prisoner complaints, Cal. Code Regs., tit. 15 § 3084.1, and in order to satisfy the exhaustion requirement, California state prisoners are required to use this appeals process to exhaust their claims prior to filing suit, Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *11 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

      2.     Discussion

Plaintiff alleges that defendants retaliated against him by planting a weapon, falsely charging him with possession of the weapon and submitting false reports to support his conviction on the rules violation resulting in a ten-month term in the security housing unit and loss of privileges.

1   Defendants argue that while plaintiff submitted and exhausted an appeal (Log Number COR
2   03-1142) requesting that the weapons charge be "vacated and dismissed," he did not request
3   monetary compensation in his appeal and therefore plaintiff did not exhaust his claim for money
4   damages.
5   Plaintiff contends that his administrative grievance satisfied the exhaustion requirements
6   because he specifically complained in the grievance about the misconduct of defendants at issue in
7   this action
8   The exhaustion requirement allows "a prison to address complaints about the program it
9   administers before being subjected to suit . . . ." and "[t]he level of detail necessary in a grievance"
10  to satisfy the exhaustion requirement depends on the prison's requirements, not on section 1997e(a).
11  Jones, 2007 WL 135890, at *12.  In this instance, the applicable regulation provides that an inmate
12  "may appeal any departmental decision, action, condition, or policy which they can demonstrate as
13  having an adverse effect upon their welfare." Tit. 15, § 3084.1(a).  The form inmates are required
14  to utilize requests that the inmate describe the problem and set forth the action requested. Id. at §
15  3084.2(a).
16  The Court rejects defendants' argument that plaintiff did not exhaust his administrative
17  remedies because he did not seek monetary relief in his grievance.  Plaintiff's inmate appeal, which
18  did in fact identify defendants Lunes and Perez, alleged that the charges were false, that Lunes and
19  Perez retaliated against him and falsified their reports.  The Court finds that plaintiff's appeal was
20  sufficient to satisfy the exhaustion requirement in that it placed prison officials on notice as to the
21  misconduct, thereby allowing them to take any action they saw fit to take, and plaintiff pursued his
22  appeal through the final level of review.  Section 1997e(a) demands no more.
23       D.     <u>Motion to Dismiss for Failure to State a Claim</u>
24  Defendants also argue that plaintiff fails to state a cognizable claim for relief under section
25  1983 because success in this action would necessary challenge the validity of his conviction or the
26  duration of his sentence. See Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).
27  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief
28  sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading

to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

In this action, plaintiff challenges the validity of his disciplinary weapon conviction; however, as he points out in his opposition, the conviction does not affect the validity of his confinement or its duration because he did not lose good time credits as a result of the conviction. Plaintiff alleges in his amended complaint, and defendants do not dispute, that as a result of the weapons conviction, plaintiff received a ten-month SHU term and loss of privileges. Because the punishment imposed at the disciplinary hearing does not affect the duration of plaintiff's sentence, this action is not barred by Heck v. Humphrey, 512 U.S. 477, 487-88 (1994) or Edwards v. Balisok, 520 U.S. 641 (1997). Defendants' motion to dismiss for failure to state a cognizable claim must therefore also be denied.

E.   Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss for failure to exhaust and failure to state a claim, filed August 24, 2007, be DENIED, without prejudice; and

2. Defendants be required to respond to plaintiff's complaint within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 18, 2007**           /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE

4