IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. MARTINEZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>M. D. LUNES et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:04-cv-6469 LJO DLB PC<br><br>ORDER &<br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS ACTION AS SANCTION, OR IN THE ALTERNATIVE, MOTION TO COMPEL PLAINTIFF'S DEPOSITION, BE DENIED IN PART AND GRANTED IN PART<br><br>(Doc. 39)<br><br>OBJECTIONS DUE IN **TWENTY (20)** DAYS |

      Plaintiff John R. Martinez ("plaintiff") is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 9, 2005, against defendants M. D. Lunes and Augstin R. Perez. ("defendants"). On February 14, 2008, the court issued an order opening the discovery phase of this litigation and setting the deadline for the completion of all discovery for September 23, 2008. (Court Doc. 34.) On October 6, 2008, defendants filed a motion for sanctions or in the alternative, motion to compel plaintiff's deposition.[1] (Court Doc. 39). Plaintiff filed an opposition on November 7, 2008. This motion is deemed submitted. Local Rule 78-230.

///

---

[1] The Court deems defendants' motion, filed October 6, 2008, timely.

1

In their motion, defendants contend that plaintiff failed to appear for his scheduled deposition. (Doc. 39, p.4:8-19). Defendants request that this action be dismissed and also that sanctions in the amount of $1565.35 be ordered. In the alternative, defendants request a court order compelling plaintiff's attendance at a deposition.

Defendants contend that they noticed plaintiff's deposition for 10:00 a.m. on September 17, 2008 at Corcoran State Prison by serving by mail an Amended Notice of Taking Deposition on August 27, 2008.[2] (Doc. 39, Armstrong-Grau Decl., ¶3). Defendants contend that plaintiff was then served on September 11, 2008 with a Second Amended Notice of Deposition, changing only the location of the deposition to the California Substance and Treatment Facility because of technical problems with the video-conference equipment. (Id). On September 15, 2008, two days before the deposition, defendants contend that they notified Plaintiff that the problems had been corrected and that the deposition would take place at the original location. (Id). Defendants contend that plaintiff failed to appear at the deposition on September 17, 2008. (Id. at ¶4). Plaintiff chose not to appear because he stated that he did not have adequate time to prepare. (Id). Defendants argue that Plaintiff's refusal to take a deposition warrants dismissal of the action, and money sanctions of $1565.35.

In opposition, plaintiff submits that the deposition was scheduled for August 26, 2008 at 9:00 a.m. (Doc. 41, Exhibit A, Notice of Taking Plaintiff John R. Martinez's Deposition via Video Conference). Plaintiff attests that defense counsel failed to appear at the scheduled deposition. (Doc. 41, Plaintiff's Opposition to Defendants Motion for Sanction of Dismissal, ¶2). Plaintiff further attests that he received no notice of a deposition scheduled for September 17, 2008 until September 16, 2008, when he was issued a ducat by the prison litigation office informing him of the deposition the next day. (Id. at ¶¶3, 4). Plaintiff refused to attend the deposition on the grounds that he had not been provided with fourteen days' notice. (Id. at ¶5).

///
///
///

---

[2] The declaration of service is in fact dated August 28, 2008.

2

**Discussion**

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure,

> The court where the action is pending may, on motion, order sanctions if... a party...fails, after being served with proper notice, to appear for that person's deposition...Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) - (vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A)(v) provides for dismissal of the action as a sanction. However, "[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court considers:

   1.   The public's interest in expeditious resolution of litigation;
   2.   The court's need to manage its docket;
   3.   The risk of prejudice to the party seeking sanctions;
   4.   The public policy favoring disposition of cases on their merits; and
   5.   The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

Plaintiff refused to attend the deposition because he did not receive fourteen days' notice. The Discovery Order and Scheduling Order states that defendants may depose the plaintiff upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). (Doc. 34). Defendants have submitted evidence that they

served notice upon plaintiff by mail on August 28, 2008.

Plaintiff's refusal to participate in the deposition resulted in a non-recoverable $301.35 charge incurred by defendants for the reporter's appearance and preparation of the brief deposition transcript. The Court finds that money sanctions of $301.35 is warranted in this instance, to be deducted from plaintiff's damages award if he is successful at trial, or to be assessed as part of defendants' costs if they prevail at trial.  Because the Court orders plaintiff to appear at a deposition and be deposed, the Court declines to award attorney's fees of $1,264, reflecting the costs incurred by defense counsel in preparing for the deposition.

The Court ORDERS Plaintiff to appear at a deposition and be deposed, upon condition that notice is served in accordance with the Discovery Order and Scheduling Order.  The Court ORDERS the discovery deadline be extended thirty days from the date of this Order and Recommendations are addressed by the District Judge, to allow defendants to take plaintiff's deposition.  Because this less drastic sanction is available, and will remedy any potential harm caused to defendants by plaintiff's failure to appear at the deposition, the Court Recommends that dismissal of this action pursuant to Federal Rule of Civil Procedure 37(d) is unwarranted at this time.

**Conclusion**

Accordingly, the Court HEREBY ORDERS that defendants' motion for sanctions or in the alternative, motion to compel, be GRANTED IN PART and DENIED IN PART as follows:

1. The Court Recommends that Defendants' motion for dismissal of this action pursuant to F.R.C.P. 37(d) be DENIED without prejudice.
2. Rather, the Court ORDERS Plaintiff to appear at a deposition and be deposed, at a date noticed by defense counsel, provided that notice is served in compliance with this Court's Discovery Order and Scheduling Order;
3.. The discovery deadline be EXTENDED to thirty (30) days from the date of service of this Order to allow for plaintiff's deposition; and
3. Plaintiff be order to pay sanctions in the amount $301.35, representing the reasonable expenses incurred by defendants as a result of plaintiff's failure to take a deposition. This payment should be deducted from plaintiff's damages award if he prevails at trial, or

assessed as part of defendants' costs if they prevail at trial.

These Findings and Recommendations denying the request to dismiss this action are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 24, 2008**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE