# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. MARTINEZ, | CASE NO. 1:04-cv-06469-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS ACTION AS SANCTION BE GRANTED |
| v. | |
| M.D. LUNES, et al., | (Doc. 44) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.     Background**

Plaintiff John R. Martinez ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed May 9, 2005, against Defendants M. D. Lunes and Augstin R. Perez ("Defendants"). On February 14, 2008, the Court issued an order opening the discovery phase of this litigation and setting the deadline for the completion of all discovery for September 23, 2008. (Doc. 34.) On October 6, 2008, Defendants filed a motion for sanctions or in the alternative, motion to compel Plaintiff's deposition due to Plaintiff's failure to appear for a scheduled deposition. (Doc. 39.) Plaintiff filed an opposition on November 7, 2008. (Doc. 41.) On January 8, 2009, the Court granted in part Defendants' motion, and ordered that Plaintiff be deposed at a date noticed by defense counsel and in compliance with the Court's Discovery and Scheduling Order. (Id.) The discovery deadline was extended to February 9, 2009. (Id.)

Now pending before the Court is Defendants' second motion for sanction of dismissal, or

1

1 in the alternative motion to compel deposition, filed on January 12, 2009. (Doc. 44.) Defendants
2 contend that they properly noticed Plaintiff's deposition for 9:00 a.m. on December 18, 2008 at
3 Corcoran State Prison by serving a Notice of Taking Deposition on December 4, 2008. (Doc. 44,
4 Armstrong-Grau Decl., ¶5; Exh. A, pp. 10-12.) Defendants contend that Plaintiff failed to appear
5 at the deposition on December 18, 2008. (Doc. 44, Armstrong-Grau Decl., ¶4). Defendants
6 argue that Plaintiff's refusal to take a deposition warrants dismissal of the action, and money
7 sanctions of $632.00 in attorney's fees and $304.30 for deposition costs. (Id. at ¶¶ 6-7.) Plaintiff
8 did not file an opposition to Defendants' second motion for sanction of dismissal. This motion is
9 deemed submitted. Local Rule 78-230.

## II. Discussion

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure,

> The court where the action is pending may, on motion, order sanctions if... a party...fails, after being served with proper notice, to appear for that person's deposition...Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) - (vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A)(v) provides for dismissal of the action as a sanction. However, "[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v.

Kahaluu Constr. Co., Inc._, 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S. Ct. 1019 (1991)).

The Court ordered that Plaintiff be compelled to appear at a deposition and be deposed. Defendants provided adequate notice of this deposition to the Plaintiff in accordance with this Court's Discovery Order and Scheduling Order. Plaintiff refused to attend this deposition, failed to give prior notice to Defendants that he would not attend, and provided no reasons for his non-attendance. Based on Plaintiff's disregard of the discovery process, the Court recommends that the sanction of dismissal of this action is warranted in this case and Plaintiff's action should be dismissed.

The Court analyzed the Valley Engineers factors prior to recommending the sanction of dismissal of the action. Regarding factor 1, the public's interest in expeditious resolution of litigation, this action has been pending since 2004, so this factor weighs in favor of Defendants. Regarding factor 2, the Court's need to manage its docket, the refusal by Plaintiff to participate in the deposition causes unnecessary delay, which also weighs in favor of Defendants. Regarding factor 3, the risk of prejudice to the party seeking sanctions, Plaintiff's refusal to be deposed deprives Defendants of the opportunity to properly defend themselves from suit, which weighs in favor of Defendants. Regarding factor 5, the availability of lesser sanctions, no other lesser sanctions are available. Plaintiff is proceeding in forma pauperis, and thus monetary sanctions will not be a sufficient sanction. Factor 5 also weighs in favor of Defendants. Based on these factors, the Court recommends that the sanction of dismissal of this action is warranted. Given the severe nature of the sanction of dismissal, the Court declines to recommend imposition of monetary sanctions.

//

### III. Conclusion

Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendants' motion for dismissal of this action pursuant to Fed. R. Civ. P. 37(d) be GRANTED;
2. Plaintiff's action be dismissed with prejudice; and
3. Judgment be entered in favor of Defendants.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 29, 2009**          /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE